FILED

2022 Nov-30  AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **TAMI A. TODD,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 7:22-CV-00025-ACA** |
| | } | |
| **CITY OF TUSCALOOSA, et al.,** | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Tami Todd is the former Chief Human Resources Officer for the City of Tuscaloosa. After the City terminated her employment, Ms. Todd filed this lawsuit against a number of defendants asserting claims under federal and state law arising out of the City's reliance on Ms. Todd's prior termination from the Executive Office of United States Attorneys' office in making its own decision to terminate Ms. Todd's employment.

Ms. Todd's first amended complaint is the current operative complaint. (Doc. 32). The City of Tuscaloosa moved to dismiss the amended complaint on various grounds, including that the amended complaint is a shotgun pleading. (Doc. 54). After the City of Tuscaloosa filed that motion, Ms. Todd filed a motion for leave to amend her complaint. (Doc. 61).

Because Ms. Todd's proposed amendment complaint is a shotgun pleading, the court **WILL DENY** her motion for leave to amend. (*Id.*). Further, because the current operative complaint (Ms. Todd's first amended complaint) is also a shotgun pleading, and because she has had one opportunity to correct shotgun deficiencies and has failed to do so, the court **WILL GRANT** the City of Tuscaloosa's motion to dismiss the first amended complaint to the extent it seeks dismissal on shotgun pleading grounds and **WILL DENY** as **MOOT** the balance of that motion. (Doc. 54). The court **WILL DISMISS** *sua sponte* Ms. Todd's claims in the amended complaint against all other defendants on shotgun pleading grounds.

The court **WILL DISMISS** Ms. Todd's federal claims with prejudice and **WILL DISMISS** her state law claim without prejudice.

## I.     BACKGROUND

Ms. Todd's original complaint asserted claims against the City of Tuscaloosa, Walter Maddox, and the Executive Office of United States Attorneys ("EOUSA") for retaliation; defamation, libel, slander per se, and false light; negligent hiring, training, and supervision; wrongful termination; and violations of her due process rights. (Doc. 1 at 8–12).

The original complaint is thirteen pages long and is organized with numbered paragraphs and various lettered sub-paragraphs. (*Id.* at 1–14). The paragraphs are not numbered consecutively but instead they begin anew at the beginning of each

heading, such that there are ten paragraphs monikered paragraph one, including three on the same page of the complaint. (*Id.*; *see id.* at 2). Part III of the original complaint was entitled "Statement of Claim" and included subheadings for different factual allegations for certain defendants. (*Id.* at 2–8). Each count fails to identify which defendant that count is brought against or which specific alleged facts support that count. (Doc. 1 at 8–12). Count three is a claim for defamation, libel, slander per se, and false light—four separate causes of action brought within a single count. (*Id.* at 10–11).

The defendants filed motions to dismiss the original complaint. (Docs. 16, 18). EOUSA's motion to dismiss argued that the court should dismiss the original complaint as a shotgun pleading. (Doc. 18 at 1). EOUSA contended that Ms. Todd included many immaterial factual allegations and asserted claims against all defendants without specifying which defendant was responsible for which action. (*Id.* at 3–4).

The magistrate judge previously assigned to this case granted in part and denied in part the motions to dismiss on the merits without addressing EOUSA's shotgun pleading argument and granted Ms. Todd leave to file an amended complaint to correct various deficiencies in her original complaint. (Doc. 29).

Ms. Todd then filed her first amended complaint. (Doc. 32). It is fifty-two pages, again organized by various numerical and alphabetical paragraphs and sub-

paragraphs that Ms. Todd renumbers after every heading. (*Id.*). The first amended complaint no longer asserts claims against Mr. Maddox. It names the Office of Inspector General and the United States Department of Justice as defendants, but it does not assert any claims against them. (*Id.* at 1–2, 35–48). The amended complaint lists three counts: (1) retaliation in violation of Title VII against the EOUSA and the City; (2) a 42 U.S.C. § 1983 claim for violations of due process against the City; and (3) a negligent hiring, training, and supervision claim against the EOUSA and the City. (*Id.* at 35–48). None of the counts incorporate or reference any of the thirty-one pages of factual allegations. (Doc. 32 at 35–48).

The City of Tuscaloosa filed a motion to dismiss the first amended complaint, in part because the complaint is a shotgun pleading. (Doc. 54 at 9–12). The court then held an in-chambers conference on October 3, 2022. (*See* doc. 47; October 3, 2022 minute entry). On the morning of the conference, Ms. Todd filed a motion for leave to amend her complaint. (Doc. 53). The proposed amended complaint asserted a single claim: misrepresentation, fraudulent suppression, omission, and common law fraud against the federal defendants. (*Id.* at 14–22). At the conference, the undersigned informed Ms. Todd that if the court granted the motion to amend, she would be abandoning all her current claims because the proposed amended complaint would supersede the first amended complaint. Ms. Todd withdrew her

motion for leave to file an amendment to her complaint and the court granted her an opportunity to file a renewed motion for leave to amend. (Doc. 58).

At the conference, while discussing Ms. Todd's anticipated motion to amend, the undersigned informed Ms. Todd that the first amended complaint was a shotgun pleading. The undersigned then reviewed the first amended complaint with the parties, explained why it was a shotgun pleading, and gave Ms. Todd specific examples of ways to plead her complaint that would fix each precise issue. The conference lasted about an hour and fifteen minutes and most of that time was spent educating Ms. Todd in hopes that her forthcoming second amended complaint would remedy all shotgun pleading issues. The undersigned also informed Ms. Todd that this would be her last chance to file a complaint that complied with the Federal Rules of Civil Procedure, and if her amended complaint did not comply, the court would dismiss her case. The court entered an order after the conference that stated in relevant part: "If Ms. Todd decides to file a motion to file an amended complaint, the amended complaint must comply with the Federal Rules of Civil Procedure or the motion will be denied as futile." (*Id.*).

Ms. Todd then filed the instant motion to amend her complaint. (Doc. 61). In her proposed amended complaint, Ms. Todd seeks to bring five claims: (1) retaliation under the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a) against the City of Tuscaloosa and the EOUSA; (2) common law failure to train/supervise

against the City; (3) common law defamation and false light against the City; (4) common law deliberate indifference against the City; and (5) misrepresentation, fraudulent suppression, omission, and common law fraud against the EOUSA, the Department of Justice, and the Office of Inspector General. (*Id.* at 9–28). All defendants oppose the motion as futile. (Docs. 63, 65).

## II.   DISCUSSION

### 1.   Motion to Amend

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). But courts need not grant leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The court may deny amendment as futile if the court decides as a matter of law "that the complaint, as amended, would necessarily fail." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014). As explained below, Ms. Todd's proposed amended complaint is a shotgun pleading, so amendment is not appropriate.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types or categories." *Id.* at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* No matter the type, shotgun pleadings work to obscure "which specific factual allegations the plaintiff intends to support which of

his causes of action, or how they do so." *Est. of David Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).

During the October 3, 2022 in-chambers conference, the court gave Ms. Todd notice of the defects in her amended complaint and specific instructions on how to avoid shotgun pleading deficiencies. Despite being warned that her operative complaint is a shotgun pleading and the consequences of failing to file a proposed amended complaint that complies with the Federal Rules of Civil Procedure, Ms. Todd's proposed amended complaint is yet another shotgun pleading.

As an initial matter, it is difficult to decipher the precise factual basis for the claims because Ms. Todd does not refer to her factual allegations within any of her five counts, instead leaving them as free-standing assertions that require readers to make assumptions about their relevancy. (Doc. 61-1 at 3–29). Compounding that problem is that the facts are not presented chronologically. (*Id.* at 3–28, ¶¶ 13–176). For example, under her retaliation claim against the City (where she was hired in 2021), Ms. Todd spends paragraphs describing her employment with the EOUSA over ten years ago. (*Id.* at 10–11 ¶¶ 67–76, 13–14 ¶¶ 105–112). In combination, both issues make it nearly impossible for the court—and the defendants—to determine which facts support each of the claims. *See Est. of Bass*, 947 F.3d at 1358 ("It is not the proper function of courts in this Circuit to parse out . . . incomprehensible

allegations."). And both issues are a natural symptom of the scourge that is a shotgun pleading.

The confusing manner in which the facts are presented in the proposed amended complaint highlights a variety of immaterial facts. For example, in count one (her retaliation claim against the City), Ms. Todd discusses a district court's opinion from a previous lawsuit she filed in 2012, unspecified findings from an Office of Inspector General report, and Merit Systems Protection Board adjudications. (Doc. 61-1 at 12 ¶¶ 93–99). Ms. Todd's decision to include these random factual allegations forsakes her duty to provide a short and plain statement of why she is entitled to relief for her retaliation claim against the City.

Ms. Todd then begins to discuss in detail her security clearance while employed at the EOUSA (still within her retaliation claim against the City). (*Id.* at 13–14 ¶¶ 102–112). She explains that there was a dispute at the EOUSA about her clearance level and whether she could access grand jury information while in that position. (*Id.*). Although the precise factual basis of Ms. Todd's retaliation claim remains unclear, the details of her prior security clearance is not relevant to any claim made against the City.

More immaterial allegations come in the form of details of employee conflict that could not be subject to a retaliation claim. (*See, e.g.*, *id.* at 7 ¶ 40) ("Melissa stated that the staff notices that Kemp eats lunch with McIntyre and Jenkins every

day but never includes anyone else."). The lunch habits of the City's employees and any other workplace gossip is not relevant to Ms. Todd's allegation that the City terminated her employment in retaliation for reporting other employees' complaints of discrimination, or any of her other claims. The proposed amended complaint also references people who might be employees of the City without providing any context about their position or relevance to the case. For example, Ms. Todd alleges that she "asked Babbit to reconsider because of the 'chilling' effect on the existing investigation and on office morale. Babbit refused." (Doc. 61-1 at 9 ¶ 61). This is the only instance where "Babbit" is mentioned throughout the whole complaint. It is unclear who "Babbit" is or how that individual's conduct supports any claim for relief.

Ms. Todd's proposed amended complaint also fails to separate each of her causes of action into different counts. In count three of her proposed amended complaint, Ms. Todd states a claim for "Defamation, False Light." (*Id.* at 17 ¶¶ 123–26). These are two separate causes of action under Alabama law. *Compare Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 895 (Ala. 2004) (listing the elements to establish a defamation claim under Alabama law), *with Regions Bank v. Plott*, 897 So. 2d 239, 244 (Ala. 2004) (listing the elements to establish a false light claim under Alabama law). But Ms. Todd impermissibly lumps them into one count. *See Anderson v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th

Cir. 1996) (failure to separate each "claim for relief in a separate count" makes a complaint a shotgun pleading); *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996) (combining multiple theories of relief within each cause of action is "framed in complete disregard of the principle that separate, discrete causes of action should be plead in separate counts").

Because Ms. Todd's proposed amended complaint remains a shotgun pleading, the court **WILL DENY** her motion for leave to amend as futile.

> 2.      Motion to Dismiss the First Amended Complaint

Although the court has already informed Ms. Todd how the first amended complaint is a shotgun pleading, the court will give a brief explanation here. First, the operative complaint contains numerous conclusory allegations. For example, Ms. Todd states that she "met the first element necessary to state a claim for retaliation mere days into her employment with the City." (Doc. 32 at 39 ¶ 1). This is a legal conclusion; it is not a factual assertion. Ms. Todd also alleges in conclusory fashion that the City of Tuscaloosa has a long-term practice of discrimination "as evidenced by its discrimination against former department heads . . . as well as the shameful discrimination . . . against former police office [sic] Stephanie Hicks." (*Id.* at 41 ¶ 10).

The operative complaint also includes pages of immaterial factual allegations. For example, Ms. Todd uses a page and a half of her complaint to describe the

accolades she received while employed by the EOUSA. (*Id.* at 5–6 ¶¶ 3–7d). The specific awards Ms. Todd received at the EOUSA's office is not relevant to any of her claims. Further, Ms. Todd explains how an EEO mediation was conducted in great detail, down to multiple specific statements made by EOUSA employees that, again, seem to have no relevance to her claims. (*Id.* at 9–11 ¶¶ 21–33, 13–14 ¶¶ 46–49). Ms. Todd's use of extraneous detail like this throughout her operative complaint serves to distract and confuse readers from the true purpose of any complaint: to inform the defendants and the court of the claims and the factual allegations that support them.

The operative complaint also suffers from severe organizational pitfalls that serve to further muddy the grounds underlying all of Ms. Todd's claims. Ms. Todd renumbers the paragraphs in her operative complaint at the start of each of her headings such that there are thirteen paragraphs numbered paragraph one in her fifty-two-page complaint. (*See* doc. 32). This contributes to the confusion the complaint causes because one can reference an allegation by its page and paragraph number but it still might not be clear which allegation is being invoked. (*See id.* at 1) (containing two paragraphs identically numbered on the same page). Further, Ms. Todd also does not clarify which of her thirty-one pages of factual allegations are relevant to each cause of action she brings. (*Id.* at 35–48). Although Ms. Todd references some relevant facts for each count under each heading, there are still

pages of free-floating facts that force "a reader of the complaint [to] speculate as to which factual allegations pertain to which count." *Chudasama v. Mazda Motor Co.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997).

Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense" on both the parties and the court. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). District courts retain the authority and discretion to dismiss a shotgun complaint on that basis alone as long as the court explains defects in the complaint and "give[s] the plaintiff one chance to remedy" a shotgun pleading before dismissing the case. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quotation marks omitted).

The undersigned sat down with Ms. Todd and pointed out the numerous pleading deficiencies in her operative complaint then granted Ms. Todd an opportunity to file an amended complaint that remedied those deficiencies. Ms. Todd was warned of the consequences of failing to comply with the court's instructions. Because Ms. Todd still failed to file an amended complaint that complies with the Federal Rules of Civil Procedure, dismissal of the first amended complaint is appropriate. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296–97 (11th Cir. 2018) (affirming a district court's dismissal of a case when the plaintiff failed to fix shotgun pleading issues after the court specifically explained why the current pleading was a

shotgun pleading); *see Jackson*, 898 F.3d at 1358 ("What matters [when deciding to dismiss a complaint as a shotgun pleading] is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them."). The court **WILL DISMISS** Ms. Todd's federal law claims with prejudice and **WILL DISMISS** her state law claim without prejudice. *Vibe Micro, Inc.*, 878 F.3d at 1296.

## III.    CONCLUSION

The court **WILL DENY** Ms. Todd's motion for leave to amend her complaint. (Doc. 61).

The court **WILL GRANT** the City of Tuscaloosa's motion to dismiss the first amended complaint to extent it seeks dismissal on shotgun pleading grounds and **WILL DENY** as **MOOT** the balance of the motion. (Doc. 54).

The court **WILL DISMISS** Ms. Todd's claims against all other defendants on shotgun pleading grounds.

The court **WILL DISMISS** the federal claims asserted in the first amended complaint **WITH PREJUDICE** and **WILL DISMISS** the state law claims asserted in the first amended complaint **WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this November 30, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE